IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-42-BO

| | |
|---|---|
| ALICE M. WINN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross motions for judgment on the pleadings [DE 26, 28]. A hearing on this matter was held in Raleigh, North Carolina on February 5, 2014 at 9:30 a.m. For the reasons detailed below, plaintiff's motion is DENIED and defendant's motion is GRANTED. The decision of the Commissioner is AFFIRMED.

## BACKGROUND

On September 30, 2010, Ms. Winn protectively filed an application for a period of disability, disability insurance benefits, and supplemental security income, alleging disability since March 1, 2010, due to bipolar disorder, memory problems, thyroid disease, gastrointestinal problems, back problems, high blood pressure, and depression. The applications were denied initially and upon reconsideration. A video hearing was held before an Administrative Law Judge ("ALJ") on August 31, 2011. On September 21, 2011, the ALJ issued a decision denying the claims. On November 20, 2012, the Appeals Council denied Ms. Winn's request for review thereby rendering the ALJ's decision the final decision of the Commissioner. Ms. Winn timely commenced the instant action for judicial review pursuant to 42 U.S.C. § 405(g).

## MEDICAL HISTORY

Ms. Winn has a history of depression and anxiety. [Tr. 24].[1] In 2003, Dr. Seo opined that plaintiff was disabled due to dysthymic disorder and panic disorder. [Tr. 24, 353–54]. In June 2009, Ms. Winn sought treatment elsewhere. [Tr. 24, 508]. In June 2009, Ms. Winn begain treatment with Dr. Shield and reported a history consistent with major depression, dysthymic disorder, and anxiety. [Tr. 25, 798–99]. Ms. Winn reported that she had been seeing a psychiatrist for 4-5 years and that she had sought counseling with a therapist, but denied mania and obsessive compulsive difficulties despite having 9 of 18 symptoms of generalized anxiety. [*Id.*]. At that time Ms. Winn stated that she needed to be kept calm in order to return to her work at the prison and that she had been off work for a number of weeks with unstable blood pressure and due to a lap band surgery. [*Id.*]. Ms. Winn reported that she could not keep control of her behavior, she was afraid to return to prison with those symptoms, difficulty sleeping, being sad, blue and depressed, and psychotic symptoms, but she denied being suicidal. [*Id.*]. Dr. Shield adjusted her medicines in response. [*Id.*].

Nearly a year later in May 2010, Dr. Shield noted that Ms. Winn had been off work since March 5, 2010, and that Ms. Winn had since undergone a hysterectomy and continued to be treated for major depressive episode, dysthymic disorder, and anxiety. [Tr. 25, 791–92]. Dr. Shield further noted that Ms. Winn had panic attacks, she had taken psychiatric medicine for depression, and, at that time, she continued to take antidepressant medication. [*Id.*]. Ms. Winn reported to Dr. Shield that she had to wake up at 2:30 a.m. to take her 12 year old nephew to the babysitter, left for work at 3:45 a.m. to arrive at work by 5:30 a.m., was expected to work her shift until 6:15 p.m., and that she was lucky if she went to bed by 10:00 p.m. [*Id.*]. Dr. Shield

---

[1] Although Ms. Winn suffers from physical impairments, plaintiff does not challenge the ALJ's findings regarding them.
2

noted that Ms. Winn was anxious, nervous, and depressed, with panic feelings, but that she was most anxious to return to work. [*Id.*]. He further opined that the schedule Ms. Winn reported would be impossible for Ms. Winn to maintain over a period of time, and requested that she be assigned a more tolerable daily schedule to reduce her anxiety and depression and to prevent her from being disabled. [*Id.*]. Dr. Shields believed that such a change in her schedule would allow Ms. Winn to successfully meet her responsibilities. [*Id.*].

In November 2010, Ms. Winn was referred to Virginia South Psychiatric and Family Services where she complained of her mind racing, panic attacks, isolation, sleeplessness, decreased appetite and energy, high stress levels, feeling anger constantly, and constant worry. [Tr. 25, 806–30]. Upon examination, Ms. Winn was well-groomed and had good hygiene, logical speech, and good eye contact. [*Id.*]. She was cooperative, articulate, and talkative. [*Id.*]. Terri Walker, LCSW, diagnosed Ms. Winn with moderate recurrent depression and noted that the problems to be addressed were Ms. Winn's self-esteem, relaxation and sleep, and boundaries. [*Id.*].

In January 2011, Ms. Winn presented to Dr. Khawaja who opined that Ms. Winn had complicated emotional distress related issues and recommended a review of her psychiatric mediation management as well as continued intensive mental health counseling. [Tr. 25–26, 853–56]. Dr. Khawaja further opined that Ms. Winn's risk for self-harm was elevated and that he did not feel that she was emotionally stable enough to return to work. [Tr. 26, 853–56]. Later that month Ms. Walker noted that Ms. Winn presented with anxiety, anger, depressed mood, and that Ms. Winn was angry with Dr. Shield for not addressing medication effectiveness. [Tr. 26, 816]. In August 2011, Dr. Khawaja, while acknowledging he had only seen Ms. Winn twice, stated

3

that he did not feel that Ms. Winn could sustain any type of work activity for eight hours per day, five days a week, fifty-two weeks a year. [Tr. 27, 870, 873].

## DISCUSSION

Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *Richardson v. Pearles*, 402 U.S. 389, 390 (1971)). "'[S]upported by substantial evidence' means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Pearles*, 402 U.S. at 401). Regulations establish a five-step sequential evaluation process to be followed when determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520 and 416.920. "The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five." *Rogers v. Barnhart*, 216 Fed. App'x 345, 348 (4th Cit. 2007) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

Plaintiff alleges that the ALJ erred in evaluating the opinion of the examining consultant, Dr. Khawaja, and in giving the greatest weight to the opinions of the state agency physicians. However, the Commissioner's decision was based on substantial evidence and correct legal standards were used.

Here, the ALJ assigned less weight to Dr. Khawaja's opinion. When weighing medical opinions, the ALJ must consider the examining relationship between the claimant and the doctor; the treatment relationship between the claimant and the doctor; the supportability of the medical opinion; the consistency of the medical opinion with the record as a whole; the doctor's specialization; and other factors, such as the medical source's understanding of the disability

4

programs and their evidentiary requirements, and the extent to which the medical source is familiar with the other information in the case record. 20 C.F.C. §§ 404.1527(c), 416.927(c). The ALJ properly considered these factors when evaluating Dr. Khawaja's opinion. The ALJ noted that Dr. Khawaja had examined Ms. Winn only twice before rendering his August 2011 opinion and the ALJ pointed out that Dr. Khawaja's opinion was not supported with a rationale or an identification of the signs and laboratory findings, was not consistence with the other medical evidence of record as a whole, essentially adopted Ms. Winn's statements, and did not reflect familiarity with the Social Security disability programs. [Tr. 27]. These factors provide a sufficient basis for the ALJ to decline giving greater weight to Dr. Khawaja's opinion. *See* 20 C.F.R. §§ 404.1527, 416.927; *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (holding that if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence it should be accorded significantly less weight).

Similarly, the ALJ did not err by assigning the greatest weight to the opinions of the experts who prepared the state agency reports. A non-examining physician's opinion can constitute substantial evidence to support the ALJ's decision. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). Here, the ALJ evaluated the proper factors and explained that the state agency physician opinions were deserving of more weight because they were balanced, objective, and reflected a thorough review of the record. [Tr. 27]. Further, the ALJ found these opinions to be supported by the opinion of Dr. Shield, who opined that the plaintiff would be able to successfully work by changing her onerous work schedule.

It is clear that the ALJ's finding is supported by substantial evidence in the record and therefore the Court affirms the final decision of the Commissioner.

## CONCLUSION

For the reasons outlined above, defendant's motion for judgment on the pleadings is GRANTED and plaintiff's motion is DENIED. The decision of the Commissioner is AFFIRMED. The clerk is directed to close the file.

SO ORDERED.

This, the ⟶15⟵ day of February 2014.

*/s/ Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE